```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HARRIET BRYANT, | Civil No. 14-3243 (NLH/AMD) |
| Plaintiff, | **OPINION** |
| v. | |
| ALCON LABORATORIES, INC., JOHN DOE #1-10 and ABC CORP. #1-10, | |
| Defendants. | |

**APPEARANCES**

CRAIG A. ALTMAN
LAW OFFICES OF CRAIG A. ALTMAN, PC
1173 E. LANDIS AVENUE – FRONT
SUITE 103
VINELAND, NJ 08360
     On behalf of plaintiff

BRANDON L. GOODMAN
EBEN SCOTT FLASTER
GOODELL DEVRIES LEECH & DANN LLP
2001 MARKET STREET
SUITE 3700
PHILADELPHIA, PA 19103
     On behalf of defendant

**HILLMAN**, District Judge

Presently before the Court is the motion of defendant to dismiss plaintiff's claims regarding a defective product. For the reasons expressed below, defendant's motion will be granted.

**BACKGROUND & DISCUSSION**

Plaintiff, Harriet Bryant, filed her complaint against

defendant, Alcon Laboratories, Inc., in New Jersey Superior Court, Camden County, and Alcon removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[1]  Plaintiff has asserted claims for strict liability, breach of warranty, and negligence against Alcon and the fictitious defendants.  The entirety of plaintiff's factual averments are as follows:

    1.   Alcon is "in the business of manufacturing, designing, marketing, distributing, and selling home health products, more specifically Azopt."

    2.   Plaintiff "was the owner of a [sic] Azopt."

    3.   "On April 12, 2012, plaintiff was using the Azopt for it's [sic] intended use and was unaware of any defect in the Azopt or any danger to the plaintiff."

    4.   "As a result of the liability producing conduct of the defendants set forth below, Plaintiff suffered severe and disabling injuries to the eyes, emotional upset and other secondary problems and complications the full extent of which are not yet known and some or all of which are permanent in nature."

---

[1] Diversity jurisdiction exists because plaintiff is a citizen of New Jersey, and defendant is a citizen of Texas (as its principal place of business) and Delaware (the state of incorporation), and the serious injuries pleaded in the complaint demonstrates that the amount in controversy exceeds $75,000.

2

     5.   "As a result of the liability producing conduct of the defendants as set forth below, Plaintiff has in the past been and may continue in the future to be prevented from attending to her normal duties, occupations and avocations. In addition, she has suffered in the past and may in the future continue to suffer pain, mental anguish, humiliation, embarrassment, loss of sense of worth and well-being, disfigurement, inability to engage in her normal activities and the inability to pursue the normal and ordinary pleasures of life."

     6.   "As a result of the liability producing conduct of the defendants as set forth below, Plaintiff has in the past required, and may in the future continue to require surgical/medical care and hospitalization including surgical procedures, and she has in the past incurred and may in the future continue to incur substantial expenses for medicine, hospital, medical care, surgery and/or rehabilitative care to attend to, treat, alleviate, minimize and/or cure her conditions."

     (See generally Pl.'s Compl. ¶¶ 1-30.)

     This barebones complaint fails to comply with the Federal Civil Procedure Rule 8 pleading requirements, as interpreted by <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

     It is well-settled that a pleading is sufficient if it

contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

    A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

4

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).

Here, plaintiff's complaint reveals that defendant Alcon

5

manufactures and/or designs and/or markets and/or distributes and/or sells home health products, including Azopt.  The complaint does not state what Azopt is, other than it is a "home health product," and that when plaintiff used Azopt in its unspecified "intended use," it seriously injured her eyes.[2]  The complaint claims that the unspecified eye injury inflicted by Azopt caused her unspecified medical treatments, unspecified pain and suffering, unspecified limitations to her normal life, and unspecified continued medical care.  Depending on whether Alcon manufactured and/or designed and/or marketed and/or distributed and/or sold Azopt, plaintiff claims that Alcon is liable for her damages under product liability and breach of warranty theories of liability.

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  <u>Evancho v. Fisher</u>, 423 F.3d 347, 351 (3d Cir. 2005).  In this case, the only facts in the complaint that the Court can accept as true are that plaintiff used some kind of product called

---

[2] Interspersed in plaintiff's complaint are allegations regarding injuries sustained from a collapse of a bed.  Plaintiff explains in her opposition brief that any allegations concerning a defective bed are included in error.

Azopt, it injured her eyes, and she suffered various damages as a result. How Alcon can be liable for plaintiff's injury is anyone's guess, as Alcon's liability depends on its undefined relationship to the product Azopt. If Alcon designed or manufactured Azopt, the complaint is silent on how Alcon created any defect in Azopt, or how Alcon failed to warn plaintiff about any defect.[3] If Alcon provided any warranties for Azopt, the complaint is silent on the nature of those warranties and how Alcon breached the warranties.

Plaintiff argues that her case was removed from New Jersey state court, and the basic notice pleading standards in state court are more generous than in federal court. Even if that argument is correct, plaintiff's case is now in this Court, where Rule 8 and Iqbal/Twombly govern. Plaintiff's complaint entirely fails to comply with those federal court pleading standards.

---

[3] The Court also points out that plaintiff's claims may be substantively deficient, because regardless of the underlying legal theory advanced by a plaintiff, the New Jersey Product Liability Act is the exclusive method to prosecute a claim for physical harm caused by a product, where that harm is claimed to be caused by a manufacturing defect, a design defect, or a failure for the product to contain adequate warnings or instructions. See Certain Underwriters at Lloyd's, London v. U-Line Corp., 2013 WL 5503672, 3 (D.N.J. 2013) (citing Koruba v. American Honda Motor Co., Inc., 935 A.2d 787, 795 (N.J. Super. Ct. App. 2007); N.J.S.A. 2A:58C-2)).

7

**CONCLUSION**

Consequently, for the reasons expressed above, defendant's motion to dismiss plaintiff's complaint must be granted.[4]

An appropriate Order will be entered.


Date: November 20, 2014                s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[4] The Court notes that except in civil rights cases, a court is not obligated to afford a plaintiff the opportunity to amend her complaint, either sua sponte or following the dismissal of the complaint pursuant to a motion to dismiss. Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Plaintiff has not filed a motion or otherwise sought leave of the Court to file an amended complaint.

8